# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>TEDENEKILSH D. ZERHIOUN,<br><br>Appellant. | CASE NO. 16-cv-04714-YGR<br><br>ORDER DENYING BANKRUPTCY APPEAL AND DISMISSING AS MOOT |

This action arises out of a Bankruptcy order dated July 28, 2016, confirming termination of an automatic stay imposed by 11 U.S.C. § 362 with regard to the real property located at 21 Thousand Oaks Street, Oakland, CA 94605 (the "Property"). (Dkt. No. 140-47, Bankruptcy Court Order.) Appellant Tedenekilsh D. Zerhioun filed a notice of appeal on August 17, 2016, (Dkt. No. 1), and perfected the record on May 25, 2017. (Dkt. No. 24.)[1] The controversy stems from the bankruptcy judge's order confirming the automatic stay on the Property to have "terminated for all purposes including without limitation to permit Secured Creditor [the Association] to exercise its rights to possession of the Property by virtue of its prior foreclosure upon the Property." (Bankruptcy Court Order at 1-2.)[2]

---

[1] A briefing schedule was entered on the same day. (Dkt. No. 25.) Appellant filed her principal brief on June 6, 2017. (Dkt. No. 26, Appellant's Principal Brief.) Appellee Sequoyah Heights Homeowners' Association (the "Association") filed its principal and response brief on July 7, 2017. (Dkt. No. 26.) Appellant filed her response and reply brief on July 25, 2017. (Dkt. No. 28.) Appellee did not file a reply brief.

[2] Appellant raises several argument for the first time in this appeal, namely that the Bankruptcy Court committed an error of law or abused its discretion in (i) determining that the Association was a "secured creditor;" (ii) failing to ensure that the Property was released to an entity with a valid debt which was secured by the Property and equal to the fair market value of the Property; (iii) failing to ensure that the Association was a "lender in due course;" (iv) allowing the Association to amend its "Proof of Claim" to allow for $850 in attorney's fees; and (v) not allowing appellant 14 days to inform tenants of the Bankruptcy Court's decision and to obtain personal property from the Property. The Ninth Circuit has held that courts "will not . . . review

On September 7, 2017, this Court ordered the parties to file supplemental briefs regarding (i) the status of other liens and mortgages on the Property, and (ii) how foreclosure of the Property could have occurred given that payments were allegedly being made through a confirmed chapter 13 payment pursuant to 11 U.S.C. § 1322(b)(2). (Dkt. No. 29.) The parties submitted timely supplemental briefs. (Dkt. Nos. 36, 37.)

Having carefully reviewed the record of the proceedings in this matter, the legal determinations in the bankruptcy court's decision, and the parties' briefing, the Court finds that it lacks jurisdiction to hear the instant appeal due to mootness. Accordingly, with respect to the facts presented here, the Court **DISMISSES** the appeal as moot.

## I. RELEVANT FACTUAL BACKGROUND

Appellant Zerhioun was the owner of the Property at issue. (Dkt. No. 24-25, Declaration of Jeff Boyd ("Boyd Decl.") ¶¶ 1-3.) Appellant avers that the assessed value of the property is $670,000. (Dkt. No. 28-1, Declaration of Tedenekilsh D. Zerhioun ("Zerhioun Decl.") ¶ 8, Exh. A.) The Property is located within the Sequoyah Heights common interest development located in Oakland, California (the "Development"). (Boyd Decl. ¶ 1.) The Association is a non-profit mutual benefit corporation charged with the management, governance and operation of the Development. (*Id.*) Pursuant to the Association's Covenants, Conditions and Restrictions ("CC&Rs"), appellant was required to pay regular monthly assessments to the Association. (*Id.* ¶¶ 3-4, Exhs. A-B.) Zerhioun failed to make assessment payments as required under the Association's CC&Rs. (*Id.* ¶ 5.) The Association therefore recorded a Notice of Delinquent Assessment (the "Assessment Lien") against the Property on March 21, 2014. (*Id.* ¶ 5.)

On May 15, 2015, Allied Trustee Services ("Allied") sent appellant an "Authorization to Foreclose" the Assessment Lien. (*Id.* ¶ 7, Exh. G.) The Association then sent a letter to Zerhioun on August 7, 2015, indicating that the Association would "immediately proceed with collections

---

an issue not raised below unless necessary to prevent manifest injustice." *See Padgett v. Wright* (9th Cir. 2009) 587 F.3d 983, 985 n. 2 (per curiam) (citing *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc*. 752 F.2d 1401, 1404 (9th Cir. 1985); *see also In re Olsen* 2014 WL 7048459 at *7 (B.A.P. 9th Cir.). Appellant does not specifically argue that review of these particular issues is necessary to prevent manifest injustice.

2

and enforcement procedures to recover the delinquent assessment amounts owed to it." (*Id*. ¶ 8, Exh. H.) Allied sold the Property to the Association at a public auction on August 19, 2015, for $17,633.68. (*Id*. ¶ 8, Exh. I.) The Court understands that the auction sale did not extinguish the senior lienholder's $665,000 lien on the property which apparently remains intact. (Dkt. No. 35, Appellant's Supplemental Brief, Exhs. D, E.) On August 20, 2015, Allied sent Zerhioun a Notice of Right of Redemption. (*Id*. ¶ 9, Exh. J.) Allied recorded the Trustee's Deed of Sale of the Property on January 12, 2016. (*Id*. ¶ 11, Exh. L.)

Notably, Zerhioun filed two bankruptcy petitions prior to the instant petition, both of which were dismissed. First, on December 16, 2014, she filed a Chapter 13 petition (Case No. 14-44870) which was dismissed on February 12, 2015. (Boyd Decl. ¶ 6, Exh. E.) Next, Zerhioun filed a filed a Chapter 7 petition (Case No. 15-41842) on June 9, 2015, which was dismissed on September 22, 2015. (Boyd Decl. ¶ 6, Exh. F.) Zerhioun filed the instant Chapter 13 petition on November 13, 2015. (Case No. 15-43498). (*Id*. ¶ 10, Exh. K.)

## II.  BANKRUPTCY COURT PROCEEDINGS

Zerhioun's appeal concerns a narrow question presented to the bankruptcy judge which the Court will briefly discuss. The issue presented was whether the bankruptcy judge would apply the analysis and holding of *In Re Reswick,* 446 B.R. 362 (B.A.P. 9th Cir. 2011) and its progeny, or *In Re Richter*, 525 B.R. 735 (Bankr. C.D. Cal. 2015), in determining whether the Association was entitled to relief from an automatic stay imposed pursuant to 11 U.S.C. § 362(a). The *In Re Reswick* court held that "on the debtor's third [bankruptcy] filing within a year, *there is no automatic stay at all*" (emphasis supplied), on the grounds that this interpretation was consistent with "ample legislative history, and subsequent case law . . . in conjunction with the intent to curb the problem of repeat bankruptcy filings: the more times a debtor files, the more difficult it becomes for that debtor to take advantage of the automatic stay." *In Re Reswick*, 446 B.R. 362. By contrast, the *In Re Richter* court noted that an "entity seeking to evict a debtor from and gain possession of real property *must first obtain relief from the automatic stay*." *Id*. at 740 (emphasis supplied). The *In Re Richter* court went on to hold that a debtor may redeem his or her property even "after the foreclosure gavel fell" in limited circumstances, namely by (i) exercising an

3

unexpired right of redemption or (ii) proposing a plan "that provides for the curing of any default." *Id.* at 742-43.

Here, the bankruptcy judge held that following *In Re Reswick* was appropriate because he found it "well-reasoned" and reflected a "better analysis, [and] more perceptive and sophistical way to read the [Bankruptcy] Code." (Dkt. No. 66.)

**III. ANALYSIS**

When reviewing a bankruptcy court's decision, "[t]he district court acts as an appellate court." *Beal Bank v. Crystal Props., LTD. (In re Crystal Props., LTD.)*, 268 F.3d 743, 755 (9th Cir. 2001) (quoting *In re Daniels–Head & Associates,* 819 F.2d 914, 918 (9th Cir. 1987)). Thus, the district court "applies the standard of review generally applied in federal court appeals." *Id.* (quoting *In re Webb,* 954 F.2d 1102, 1103–04 (5th Cir. 1992)). "The district court may affirm the decision of the bankruptcy court on any basis that finds support in the record." *Id.* (internal quotations omitted).

Defendant argues that Zerhioun's appeal should be dismissed as moot because the Court lacks jurisdiction. (*See* Boyd Decl. ¶ 8, Exh. I.) In the alternative, defendant claims that dismissal is appropriate because appellant fails to offer any argument as to why the bankruptcy court's decision to follow *In Re Reswick* was erroneous. Notably, appellant does not even mention *In Re Reswick* or *In Re Richter* in any of her three briefs. The Court first considers whether the appeal is moot and then discusses the underlying bankruptcy court decision.

**A. Mootness Rule**

"Under 11 U.S.C. § 363(m), an appeal of a bankruptcy court's ruling on a foreclosure action generally cannot affect the rights of a good faith purchaser of the foreclosed property, unless the debtor stays the foreclosure sale pending an appeal . . . ." *In re Mann*, 907 F.2d 923, 926 (9th Cir. 1990); *see also Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.),* 846 F.2d 1170, 1171-73 (9th Cir.1988); *Algeran, Inc. v. Advance Ross Corp.,* 759 F.2d 1421, 1423-24 (9th Cir.1985). "Accordingly, the debtor's failure to obtain a stay normally renders the appeal moot. This is true even when the purchaser knows of the pendency of the appeal." *Id.* (citing *Algeran,* 759 F.2d at 1423-24).

4

## B. Bankruptcy Stay Under Section 362

Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition "operates as a stay" which prevents creditors from taking action against the bankruptcy estate or the debtor's property. However, the stay does not go into effect where the debtor has had two or more bankruptcy cases pending within the previous year which were dismissed. *See* 11 U.S.C. § 362(c)(4)(A); *see also In re Nelson*, 391 B.R. 437, 449 (B.A.P. 9th Cir. 2008). Section 362(c)(4)(A) provides:

> (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b),[3] the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect . . . .

Here, pursuant to Section 362(c)(4)(a), the filing of the instant appeal on November 13, 2015, did not give rise to an automatic stay because appellant had filed two prior bankruptcy petitions which were discharged within the previous year. Zerhioun's first petition (Case No. 14-44870) was filed on December 16, 2014 and discharged on February 12, 2015. (Boyd Decl. ¶ 6, Exh. E.) The second petition (Case No. 15-41842) was filed on June 9, 2015 and discharged on September 22, 2015. (Boyd Decl. ¶ 6, Exhs. E, F.) Therefore, the Court finds that the instant appeal did not "stay[] the foreclosure sale pending an appeal" and the subsequent sale moots plaintiff's appeal absent an exception. *See In Re Mann*, 907 F.2d at 926.

## C. Exceptions to the Mootness Rule

The Ninth Circuit recognizes two exceptions to this "mootness rule," namely [1] "where real property is sold to a creditor subject to the right of redemption", and [2] "where state law would otherwise permit the transaction to be set aside." *Id.* (quoting *Phoenix Bond & Indem. Co.*

---

[3] 11 U.S.C. § 707(b) provides that a court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter." Zerhioun does not argue that either of her prior two bankruptcy petitions was dismissed pursuant to this provision.

5

*v. Shamblin (In re Shamblin),* 890 F.2d 123, 125 fn. 1 (9th Cir.1989)); *see also Onouli-Kona Land,* 846 F.2d at 1172-73; *Rosner v. Worcester (In re Worcester),* 811 F.2d 1224, 1228 (9th Cir.1987).

Regarding the first exception, "to cure a default under a deed of trust, the trustor must pay the entire amount then due the beneficiary within the statutory period of redemption." *Id*. (citing *Anderson v. Heart Fed. Sav.,* 208 Cal.App.3d 202, 256 (1989)). Under Cal. Civ. Code Section 2924c, the redemption period runs from the date the foreclosure sale is noticed until five business days before the sale is scheduled to take place, but "may not be earlier than three months." This exception to the mootness rule does not apply because the redemption period expired prior to the sale. Allied sent notice of the foreclosure sale via first class and certified mail to the Property on May 15, 2015. (Boyd Decl. ¶¶ 7-8, Exhs. G, I.) The notice was mailed to the Property. (*See Id*.) The redemption period therefore expired three months later, on August 15, 2015, five days prior to the foreclosure sale. *See* Cal. Civ. Code Section 2924c.

The second exception applies where state law permits the transaction to be set aside. The Ninth Circuit has held that "[w]hile mere inadequacy of price, standing alone, will not justify setting aside a trustee's sale, a sale may be vacated under California law upon a showing of gross inadequacy of price coupled with even slight unfairness or irregularity." *In re Mann*, 907 F.2d at 927 (citing *Whitman v. Transtate Title Co.,* 165 Cal. App. 3d 312 1985). "As the California Supreme Court said over [90] years ago: 'It is well settled in California that mere inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a sale legally made. There must in addition be proof of some element of fraud, unfairness, or oppression before the court will be justified in depriving the purchaser of his legal advantage.'" *In re McInerney*, 899 F.2d 18 (9th Cir. 1990) (quoting *Sargeant v. Shumaker,* 193 Cal. 122, 131, 223 P. 464 (1924)). "To justify setting aside a presumptively valid foreclosure sale, the claimed irregularity must arise *from the foreclosure proceeding itself*." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 445 (2003) (emphasis supplied) (citing *6 Angels, Inc. v. Stuart–Wright Mortgage, Inc.,* 85 Cal.App.4th 1279, 1285 (2001); *see also Crofoot v. Tarma ,* 147 Cal.App.2d 44, 47 (1957)). "A mistake that occurs outside [] the confines of the statutory proceeding does not provide a basis for invalidating the trustee's sale." *Id*.

The second exception does not apply because plaintiff has not made a sufficient showing of "even slight unfairness or irregularity." *In Re Mann*, 907 F.2d at 926. "To justify setting aside [the] presumptively valid foreclosure sale, the claimed irregularity must arise *from the foreclosure proceeding itself*." *See Nguyen*, 105 Cal. App. 4th at 445 (emphasis supplied). Here, appellant argues that the sale of the Property for a mere $17,633.68 is manifestly unjust. Appellant ignores the fact that the auction sale of the Property was subject to the senior lienholder's $665,000 interest which remains intact. In any event, precedent is firmly established that "mere inadequacy" is insufficient. A showing of unfairness or irregularity in the "foreclosure proceeding" must exist.[4] *See id.* Zerhioun's allegations of abuse of process by the Association and "judicial abuse of discretion" and "misuse of the power of the court" lack factual support and in any event do not relate to the foreclosure proceedings but to the bankruptcy proceedings. (Principal Brief at 3, 9, 15.) Zerhioun's other arguments similarly relate to purported errors "outside the confines" of the foreclosure proceeding and are thus insufficient.

Appellant also argues that the foreclosure of the Property was improper because payments were allegedly being made through a confirmed chapter 13 payment pursuant to 11 U.S.C. § 1322(b)(2). (*See* Dkt. Nos. 24-31 at 5-6; 24-32 ¶¶ 3-5.) This argument is without merit, as the record plainly shows that the Association foreclosed on the Property on August 19, 2015, which was 86 days before Appellant even filed the bankruptcy petition at issue. (Boyd Decl. ¶¶ 6, 10; Exhs. I, K.)

---

[4] Appellant argues in the "Facts" section of her reply brief that respondents did not properly purchase the Property because "Appellant never received any Notice of default or Notice of Trustee Sale, or any other required notices." The Association sent all notices directly to the Property. This is the same address indicated on Appellant's bankruptcy filings. (*See* Dkt. No. 24.) Pursuant to the Davis-Sterling Act, notice may be delivered by "[f]irst-class mail, postage prepaid, registered or certified mail, express mail, or overnight delivery by an express service carrier. . . . The document shall be addressed to the recipient at the address last shown on the books of the association." Cal. Civ. Code Section 4040. Appellant here makes no showing that the Property was not "the address last shown on the books of the association." Although circumstantial and certainly not dispositive, the Court also notes that it issued an order over a year after the foreclosure sale directing appellant to update her address because mailings to appellant at the Property were returned as undeliverable with no forwarding address.

Therefore, "[b]ecause there is no basis for setting aside the foreclosure sale, that portion of [Zerhioun's] appeal relating to the [Assessment Lien] between [Zerhioun] and [the Association] and the foreclosure sale is moot. . . . there is no way [s]he can recover [her] property." *See In re Mann*, 907 F.2d at 928. Accordingly, the appeal is **DENIED** as moot.

### D. Underlying Bankruptcy Court Decision

In an abundance of caution, the Court now considers whether, *assuming arguendo* that the appeal is not moot, the bankruptcy judge erred in following *In Re Reswick* and ordering relief from the automatic stay. The Court finds no such error.

First, *In Re Reswick* has been cited with approval by several district courts in the Ninth Circuit. *See e.g. Vitalich v. Bank of New York Mellon*, 2016 WL 4205691, at *6 (N.D. Cal. Aug. 10, 2016); *Vassallo v. Naiman*, 2012 WL 691783, at *4 (E.D. Cal. Mar. 2, 2012). Second, under the plain language of Section 362(c)(4)(a), "if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed" the stay "shall not go into effect upon the filing of the later case; and [] on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." As discussed above, appellant had two bankruptcy cases pending and dismissed within a year of filing the instant bankruptcy petition. The automatic stay thus did "not go into effect upon the filing of the [instant] case." On "request of [the Association,] the court . . . enter[ed] an order confirming that no stay is in effect." *See* 11 U.S.C. § 362(c)(4)(a). Notably, appellant was represented by counsel during the bankruptcy proceedings and presented arguments through briefing and oral argument. Appellant now fails to offer a single argument as to why the bankruptcy court's application of *In Re Reswick* was incorrect.

In any event, the result is the same even under *In Re Richter* because the two post-foreclosure acts at issue, namely delivering and recording the deed, fall within exceptions to the automatic stay. With regard to delivery, the "Ninth Circuit has adopted the ministerial acts exception, which provides that an automatic bankruptcy stay does not prohibit 'ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement.'" *In Re Richter*, 525 B.R. at 753-54 (quoting *McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc. (In Re Pettit)*, 217 F.3d 1072, 1080 (9th Cir. 2000)). "Courts have determined that this exception extends

8

1  to an actor's postpetition execution, delivery, or recordation of a deed following a prepetition

2  foreclosure or tax sale when the applicable law obligates the actor to take those actions and

3  provides the actor with no discretion." *Id*. (citing *Tracht Gut, LLC v. Cnty. of L.A. Treasurer &*

4  *Tax Collector (In re Tracht Gut, LLC)*, 503 B.R. 804, 812 (9th Cir. BAP 2014). Cal. Civ. Proc.

5  Code Section 729.080, in turn, provides that if "the redemption price is not deposited . . . before

6  the expiration of the redemption period," the non-judicial foreclosure trustee "shall deliver an

7  executed trustee's deed." "Because California Code of Civil Procedure § 729.080(a) left [Allied]

8  no discretion, its delivery of the Trustee's deed must be considered a ministerial act that does not

9  violate the automatic stay." *Id*. at 754.

10  Similarly, recording the deed did not violate the automatic stay because, pursuant to the

11  "perfection of interests" exception contained in 11 U.S.C. § 362(b)(3),"the automatic stay does not

12  bar 'any act to perfect, or to maintain or continue the perfection of, an interest in property.'" *Id.* at

13  755 (quoting 11 U.S.C. § 362(b)(3)). Accordingly, the Association's "recordation of the Trustee's

14  Deed falls within the automatic stay exception under § 362(b)(3)." *Id*.

15  Here, the Association purchased the property on August 19, 2015, when no stay was in

16  effect and before the instant petition was filed. The post-foreclosure acts of Allied and the

17  Association, namely delivering and recording the deed, fall within the "ministerial acts" and

18  "perfection of interests" exceptions, respectively, and thus are not prohibited by the automatic

19  stay. Therefore, even under *In Re Richter* the post-foreclosure delivery and recording of the deed

20  did not violate the automatic stay.

**IV.     Conclusion**

For the reasons discussed above, appellant's Bankruptcy Appeal is **DENIED** for lack of jurisdiction**.**

This terminates Dkt. No. 26.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  October 30, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

9